1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,
                                                No. CIV S-09-3287 GEB EFB
11              Plaintiff,

12        vs.

13   GCR ENTERPRISES, LLC,
     individually and dba RUBINO's
14   ITALIAN AMERICAN CUISINE;
     and HENRY CARRILLO,                        ORDER AND
15                                              FINDINGS AND RECOMMENDATIONS
                Defendants.
16   _____/

17        This case was referred to the undersigned pursuant to Eastern District of California Local

18   Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default

19   judgment against defendants GCR Enterprises, LLC, individually and dba Rubino's Italian

20   American Cuisine ("GCR"), and Henry Carrillo.  On August 24, 2010, a hearing on the motion

21   was held.  Plaintiff Scott Johnson, an attorney, appeared at the hearing and represented himself.

22   No appearance was made on behalf of defendants.  At the hearing, the undersigned expressed

23   concerns regarding the adequacy of service of process on defendant GCR.[1]  Thereafter, plaintiff

24

25        [1] Specifically, the undersigned explained that although a certificate of service, filed April
     12, 2010, demonstrates that GCR Enterprises was served on March 14, 2010 by delivering a
26   copy of the process to GCR's purported agent for service of process Henry Carrillo, Dckt. No.
     12, GCR's registered agent for service of process, according to the California Secretary of State

                                                   1

withdrew his motion for default judgment as to GCR.  Accordingly, plaintiff's motion for default

judgment as to GCR is denied.  However, for the reasons that follow, and as stated on the record

at the hearing, the court recommends that plaintiff's application for entry of default judgment be

granted as to defendant Henry Carrillo.

I.      BACKGROUND

Plaintiff initiated this action on November 25, 2009, alleging violations of the Americans

with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the California Unruh Civil

Rights Act.  Compl., Dckt. No. 1.  A certificate of service, filed February 22, 2010, demonstrates

that the summons and complaint were served on defendant Carrillo on February 11, 2010 in

Roseville, California, by leaving a copy of the process at Carrillo's usual place of business with

Jesus Mendoza, the employee in charge, and informing him of its contents.  Dckt. No. 6.

On April 22, 2010, pursuant to plaintiff's request, the Clerk of Court entered the default

of defendant Carrillo.  Dckt. No. 16.  On May 14, 2010, plaintiff filed a motion for default

judgment, and mail served a copy of the motion on defendant Carrillo.  Dckt. No. 18.

Plaintiff's motion for default judgment seeks the following relief:

> The Court grants judgment in Plaintiff's favor and against . . .
> Henry Carrillo for monetary damages, pursuant to the California
> Civil Code Section 52(a) in the amount of $8,000.00, which is
> based upon two occurrences of the statutory minimum of
> $4,000.00 per discriminatory event. . . .  The Complaint identifies
> two actual and two foregone visits to the subject business/property.
> The foregone visits are based upon personal knowledge of existing
> architectural barriers. . . .  Although the Complaint identifies a
> total of four (4) actual and foregone visits, which would result in
> monetary damages in the amount of $16,000.00, the Plaintiff is
> limiting his damage demand to $8,000.00.  The Plaintiff is willing
> to lower his monetary damages below the $8,000.00, if this matter
> is resolved prior to the motion hearing date.  Plaintiff seeks
> injunctive relief of a properly configured van accessible disabled

website, is Chris Rubino, not Henry Carrillo.  *See also* Dckt. No. 1-3 at 2.  Although a liquor
license that is attached to plaintiff's complaint indicates that Carrillo is an officer of GCR, Dckt.
No. 1-3 at 3, service on a limited liability company is effected by serving the person designated
as its agent for service of process, not just an officer of the company.  Cal. Corp. Code
§ 17061(b).

parking space with an accessible route to an accessible entrance, a compliant men's restroom door accessibility signage and all men's restroom fixtures and accessories to be located at compliant heights & locations.  The Court grants Judgment in Plaintiffs favor and against . . . Henry Carrillo for injunctive relief requiring Defendant[] to provide for a properly configured van-accessible disabled parking space with an accessible route to an accessible entrance, a compliant men's restroom door accessibility signage and all men's restroom fixtures and accessories to be located at compliant heights & locations in accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36. There will be no motion made for attorney fees or litigation costs.

*Id*. at 3-4.

II.   <u>DISCUSSION</u>

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Products, Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc*., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established

1    by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

2         A.     Americans with Disabilities Act

3         Title III of the ADA provides that "[n]o individual shall be discriminated against on the

4    basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

5    advantages, or accommodations of any place of public accommodation by any person who owns,

6    leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

7    Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . .

8    where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).  Under the ADA, the term

9    readily achievable means "easily accomplishable and able to be carried out without much

10   difficulty or expense." 42 U.S.C. § 12181(9).

11        "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is

12   disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

13   or operates a place of public accommodation; and (3) the plaintiff was denied public

14   accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481

15   F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on a ADA claim of discrimination on

16   account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1)

17   the existing facility at the defendant's place of business presents an architectural barrier

18   prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L &

19   L Drive-Inn Rest.*, 96 F. Supp.2d 1065, 1085 (D. Haw. 2000).

20        Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears

21   the burden of proof in showing that removal of an architectural barrier is readily achievable," the

22   Circuit, and various district courts throughout the Circuit, have often applied the burden-shifting

23   framework set forth in *Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d

24   999 (10th Cir. 2001).  *Vesecky v. Garick, Inc.*, 2008 WL 4446714, at *2 (D. Ariz. Sept. 30, 2008)

25   (citing *Doran v. 7-Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court

26   cases).  In *Colorado Cross*, the Tenth Circuit stated that the "[p]laintiff bears the initial burden

1  of production to present evidence that a suggested method of barrier removal is readily

2  achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears

3  the ultimate burden of persuasion regarding its affirmative defense that a suggested method of

4  barrier removal is not readily achievable." *Colo. Cross Disability Coal.*, 264 F.3d at 1006.

5       Recently, in *Molski v. Foley Estates Vineyard and Winery, LLC*, 531 F.3d 1043 (9th Cir.

6  2008), the Circuit addressed *Colorado Cross* directly for the first time.  The court declined to

7  apply *Colorado Cross's* burden-shifting framework in the context of barrier removal from within

8  historic buildings and instead placed the burden squarely on the defendant.  The court reasoned

9  that by requiring "the entity undertaking alterations [to] consult with the State Historic

10 Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party

11 with the best access to information regarding the historical significance of the building" rather

12 than "on the party advocating for remedial measures."[2]  531 F.3d at 1048.

13      In a recent opinion addressing both *Colorado Cross* and *Molski*, the District of Arizona

14 stated that while it was "mindful of the informational imbalance that may exist between plaintiffs

15 and defendants with respect to the ease and cost with which architectural barriers may be

16 removed . . . until the Ninth Circuit provides additional and specific instruction to the lower

17 courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting

18 framework of *Colo. Cross*, specifically in cases where a historic building is not at issue."

19 *Vesecky*, 2008 WL 4446714, at *2.  This court agrees, especially in the context of a default

20 judgment proceeding in which defendants have not appeared.  42 U.S.C. § 12181(9).

21      Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendant's business is

22 a place of public accommodation, *id.* ¶ 2; (3) that plaintiff was denied access to defendant's

23 business because of plaintiff's disability, *id.* ¶ 3; and (4) that defendant's business has

24 architectural barriers, *id.*  Additionally, although plaintiff does not *specifically* allege that

25

26      [2]  The court also stated that "congressional intent behind the ADA support[s] placing the burden of production on the defendant."  531 F.3d at 1048.

removal of those barriers is readily achievable, he alleges that "[a] failure to remove architectural

barriers and communication barriers that are structural in nature, in existing facilities [is a

violation of the ADA] *where such removal is readily achievable*," *id*. ¶ 16 (emphasis added), and

his complaint also specifically states that he seeks injunctive relief "to remove all barriers to

access which are readily achievable. . . ." *Id*. ¶ 3.  Plaintiff's complaint also alleges that

"Defendants have continued to violate the law and deny the rights of Plaintiff and of other

disabled persons to access this public accommodation since on or before November 24, 2009,"

which implies that defendant Carrillo has failed to remove barriers where the removal is readily

achievable.  Additionally, the injunction plaintiff seeks only requires defendant Carrillo "to

provide for a properly configured van-accessible disabled parking space with an accessible route

to an accessible entrance, a compliant men's restroom door accessibility signage and all men's

restroom fixtures and accessories to be located at compliant heights & locations in accordance

with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities

Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36."  Therefore, defendant

Carrillo would only need to comply with that injunction if it is readily achievable to do so.

Moreover, 28 C.F.R. § 36.304 specifically lists "Installing grab bars in toilet stalls,"

"Rearranging toilet partitions to increase maneuvering space," "Insulating lavatory pipes under

sinks to prevent burns," "Installing a raised toilet seat," "Installing a full-length bathroom

mirror," "Repositioning the paper towel dispenser in a bathroom," and "Creating designated

accessible parking spaces" as examples of "steps to remove barriers."

Because plaintiff's allegations are taken as true on default, the court finds that plaintiff

has made out a *prima facie* Title III discrimination claim.  Additionally, the court finds that the

majority of the *Eitel* factors weigh in favor of granting default judgment to plaintiff on that

claim.  Therefore, the court recommends that plaintiff be granted default judgment against

defendant Carrillo on his ADA claim and award plaintiff an injunction requiring defendant

Carrillo "to provide for a properly configured van-accessible disabled parking space with an

1   accessible route to an accessible entrance, a compliant men's restroom door accessibility signage

2   and all men's restroom fixtures and accessories to be located at compliant heights & locations in

3   accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans with

4   Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36." *See* 42

5   U.S.C. § 12188(a)(2) (authorizing injunctions under the ADA).

6          B.      Unruh Civil Rights Act

7          The Unruh Civil Rights Act provides:  "All persons within the jurisdiction of this state

8   are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin,

9   disability, medical condition, marital status, or sexual orientation are entitled to the full and

10  equal accommodations, advantages, facilities, privileges, or services in all business

11  establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  To prevail on his disability

12  discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was

13  denied the full and equal accommodations, advantages, facilities, privileges, or services in a

14  business establishment; (2) his disability was a motivating factor for this denial; (3) defendants

15  denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services;

16  and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

17  California Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009).  Additionally, any violation of

18  the ADA necessarily constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code

19  § 51(f).

20         Here, because plaintiff's complaint properly sets out the necessary elements for his ADA

21  claim against defendant Carrillo, plaintiff has also properly set out the necessary elements for his

22  Unruh Civil Rights Act claim.  Therefore, and because there are no policy considerations which

23  preclude the entry of default judgment on this claim, *Eitel*, 782 F.2d at 1471-72, the court will

24  recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim

25  against defendant Carrillo be granted.

26  ////

1    The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4000

2    per violation, and "any attorney's fees that may be determined by the court in addition thereto."

3    *Id.* § 52(a).  Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights Act, based

4    on two actual visits to defendant's property.  Compl. ¶ 3.  The court will recommend that

5    plaintiff be awarded those statutory damages.

6    III.    <u>CONCLUSION</u>

7    In view of the foregoing findings, IT IS HEREBY ORDERED that plaintiff's motion for

8    default judgment against defendant GCR Enterprises, LLC is deemed withdrawn.

9    IT IS FURTHER RECOMMENDED that:

10   1.  Plaintiff's motion for default judgment against defendant Henry Carrillo be

11   GRANTED;

12   2.  Plaintiff be awarded statutory damages in the amount of $8,000; and

13   3.  Plaintiff be granted an injunction requiring defendant Carrillo "to provide for a

14   properly configured van-accessible disabled parking space with an accessible route to an

15   accessible entrance, a compliant men's restroom door accessibility signage and all men's

16   restroom fixtures and accessories to be located at compliant heights & locations in accordance

17   with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities

18   Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36."

19   These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21   after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

24   ////

25   ////

26   ////

1   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:   August 30, 2010.

4

5                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26